**EXHIBIT A**

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Saks & Company dba Saks Fifth Avenue, Inc., a New York corporation<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>North America Photon Infotech Ltd., a Mauritian corporation | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>2015 FEB 19  P 1: 17<br><br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By Sharon Ulleseit<br>Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Clara Superior Court<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>115CV276986 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack Russo, Christopher Sargent, 401 Florence St. Palo Alto, CA 94301, (650) 327-9800

| DATE: 2/19/2015 FEB 19 2015<br>*(Fecha)* | DAVID H. YAMASAKI Clerk, by<br>Chief Executive Officer, Clerk*(Secretario)* Sharon Ulleseit | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☑ on behalf of *(specify):* Saks & Company dba Saks Fifth Avenue, Inc.<br>under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
NORTH AMERICA PHOTON INFOTECH LTD.

ENDORSED
2015 FEB 19  P 1: 17

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By Sharon Ullessett

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| **North America Photon Infotech Ltd.,** a Mauritian corporation,<br><br>Plaintiff;<br><br>v.<br><br>**Saks & Company dba Saks Fifth Avenue, Inc.,** a New York corporation,<br><br>Defendant. | Case No. **1 1 5 C V 2 7 6 9 8 6**<br><br>**COMPLAINT FOR:**<br><br>(1) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>(2) UNFAIR COMPETITION<br><br>**JURY TRIAL DEMANDED** |

Complaint                                                                 Case No. _____

Plaintiff alleges against Defendant as follows:

## NATURE OF ACTION

1. This is an action for intentional interference with prospective economic advantage and trade libel, following Defendants' failure to pay Plaintiff the full amount agreed upon for use of Plaintiff's services.

## PARTIES

2. Plaintiff North America Photon Infotech Ltd. ("Plaintiff" or "Photon") is a Mauritian company with its principal place of business in San Jose, California.

3. On information and belief, Defendant Saks & Company dba Saks Fifth Avenue, Inc. ("Saks" or "Defendant"), is incorporated in New York with its headquarters in New York, New York.

## JURISDICTION AND VENUE

4. This court has general jurisdiction of all claims herein arising under California law since the tortious conduct of Defendant was targeted towards Photon and its reputation, which are located and based at its headquarters located in this county. Venue is properly laid in this county pursuant to California Code of Civil Procedure § 395.

## BACKGROUND FACTS

5. Photon and Hudson's Bay Company ("HBC") entered into a Master Services Agreement (the "MSA") on September 11, 2013.

6. Under this Agreement, there was also a Statement of Work dated April 3, 2014 for services to be provided to Saks.

7. Photon and Saks had some disputes, which Photon has worked, in good faith, to resolve through a number of dispute resolution processes.

8. During the course of the discussions between Photon and Saks, Saks threatened to harm Photon's reputation in the retail industry verbally and in writing.

9. For example, in an email from Saks on December 12, 2014, Saks threatened to damage Photon's reputation in the retail industry. Andre Balazs, Senior Director of Project Management wrote to the Sanjiv Lochan, the Chief Operating Officer of Photon, stating:

Complaint    1    Case No. _____

"Finally, given our referrals of Photon to other business contacts in the industry, we are disappointed that your company is taking this approach, seemingly without regard to its reputation."

10. Following these threats, and while purported negotiate the unrelated contract disputes, Saks followed through on its threat and began contacting Photon's actual and potential customers.

11. Photon first learned of a contact with one of its existing customers, another major retailer, that it had received unsolicited negative information about Photon from Saks.

12. Following receipt of this information, Photon demanded that Saks cease this bad faith conduct verbally and writing.

13. For example, in a letter from Mr. Lochan dated January 22, 2015, Photon informed Sakes that it had heard from another customer that Saks had provided "unsolicited" negative information about Photon, and he informed Saks that Photon would take whatever necessary actions to protect itself from Saks' harmful conduct.

14. In a subsequent January 29, 2015 call between Mr. Lochan and Mr. Balazs, Mr. Lochan reiterated the information about the other customer to Mr. Balazs who assured Mr. Lochan that no Saks employee would comment about this dispute to Photon's customers.

15. However, Saks did not cease and desist, nor did it honor the promises it made to Photon. On February 16, 2015, Photon has been informed by Abercrombie and Fitch ("Abercrombie"), a prospective customer, that Abercrombie has received an "unsolicited and negative" phone call from Saks.

16. The unsolicited phone call from Saks led Abercrombie to decide not to engage Photon's services following the Request for Proposal it issued. Photon's potential contract had a bid value ranging from $500,000 to $1 million, depending on the options Abercrombie chose.

17. Photon estimates that the annual gross revenue from Abercrombie would have been at least $5 million based on Photon's earnings from similar customers.

18. Though Saks claims to have been negotiating with Photon to solve its separate contract disputes in good faith, Saks' repeated willful attempts to discredit Photon indicates

1 | otherwise, as Photon has been inordinately harmed in its ability to conduct business and finalize
2 | contracts with prospective customers such as Abercrombie.

## FIRST CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage)**

19. Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 18 above, as if set forth at length here.

20. Plaintiff alleges that Defendant Saks intentionally interfered with an economic relationship between Photon and Abercrombie that was likely to have resulted in a significant economic benefit to Photon.

21. Defendant also intentionally interfered with the economic relationship between Photon and an existing customer, that is also a major retailer.

22. Defendant knew of the relationship between Photon and this other customer, and of the potential relationship between Photon and Abercrombie.

23. Defendant intended to disrupt the above relationships out a desire to harm Photon or otherwise gain leverage over Photon, and willfully intended to harm Photon's business relationships while harming Photon's reputation.

24. Defendant engaged in wrongful conduct through its misrepresentation of Photon and willful attempt to interfere with Photon's prospective economic relationship with Abercrombie.

25. Photon's relationship with Abercrombie was undeniably disrupted as demonstrated by Abercrombie's decision not to engage Photon following the above-mentioned "unsolicited negative" call from Saks.

26. Photon was harmed in an amount to be determined at trial, but the amount is believed to be in excess of $500,000.

27. Defendant's conduct, as described above, was a series of intentional interferences, misrepresentations, deceits, concealments, or suppressions of material facts known to it with the intention on its part of depriving Plaintiff of property or legal rights or otherwise causing injury to Plaintiff. Defendant's conduct, as described above, was despicable conduct that subjected

Plaintiff to cruel and unjust hardship, and that was carried out by Defendant with a willful and conscious disregard of the rights of Plaintiff, notwithstanding Defendant's knowledge of the damages that would be suffered by Plaintiff as a result of such fraudulent acts and omissions. Defendant knew that its fraudulent acts and omissions would directly affect and impinge upon Plaintiff and its business, reduce its profits, and that it was completely certain that Plaintiff would suffer harm. Defendant knew that Plaintiff would rely upon its statements, representations, and affirmations of fact, knew that it was in the best position to know and understand its own abilities, or lack thereof, and knew that potential injuries might be suffered by Plaintiff. Notwithstanding this knowledge, Defendant, in willful and conscious disregard of the rights of Plaintiff, repeatedly and intentionally refused to correct said fraudulent acts and omissions in order to advance Defendant's own pecuniary and other interests. Defendant's fraudulent acts and omissions, as described above, were so willful and wanton, and in such reckless and conscious disregard of the rights of Plaintiff, so as to justify the award of punitive damages against Defendant in an amount necessary to punish Defendant and to deter it from such actions in the future, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Unfair Competition)

28.  Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 18 above, as if set forth at length here.

29.  Saks' actions, individually or together, constitute unlawful and unfair business acts and practices in violation of California Business and Professions Code §17200 *et seq.*

30.  In accordance with California Business and Professions Code §17203, Photon is entitled to injunctive relief barring Saks from engaging in such further conduct, in particular from making further unsolicited phone calls or any other form of unsolicited communication to Photon's actual and potential customers.

31.  Absent the Court's intervention on Photon's behalf, other customers are likely to be deceived by Saks' statements, constituting further unfair, unlawful, and fraudulent business acts and practices by Saks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Photon prays for judgment against Defendant Saks as follows:

32. For a Temporary Restraining Order and a preliminary and permanent injunction against Defendant and any of its officers, agents, servants, employees, and all other persons acting in concert with it, from directly or indirectly making further unsolicited phone calls or any other form of unsolicited communication to Photon's actual and potential customers;

33. For an award of compensatory damages according to proof;

34. For exemplary and punitive damages in an amount sufficient to punish and deter such conduct by Defendant and others in the future;

35. For an award of its attorneys' fees and costs as otherwise allowed by law;

36. For such further orders or judgments as may be necessary to prevent Saks from using or employing the unfair competition practices alleged in Photon's complaint; and,

37. For such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

Photon demands trial by jury on all issues triable by jury.

COMPUTERLAW GROUP LLP

Dated: February 19, 2015      By: _____
                                  Christopher Sargent
                                  Jack Russo

Attorneys for Plaintiff
NORTH AMERICA PHOTON INFOTECH LTD.

Complaint                          5                          Case No. _____

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jack Russo (SBN 96068)<br>Christopher Sargent (SBN 246285)<br>401 Florence Street<br>Palo Alto, CA 94301<br>TELEPHONE NO.: (650)327-9800   FAX NO.: (650)618-1863<br>ATTORNEY FOR (Name): North America Photon Infotech Ltd. | ENDORSED<br>2015 FEB 19  P 1: 17<br>David H. Yamasaki, Chief of the Superior Court<br>Sharon Ullessef<br>By: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
North America Photon Infotech v. Saks & Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 1 1 5 C V 2 7 6 9 8 6 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2/19/2015

Christopher Sargent
(TYPE OR PRINT NAME)                                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Page 2 of 2

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **1 5 C V 2 7 6 9 8 6**

### PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the _Complaint_, _using the proper legal form or format_, in the Clerk's Office of the Court, within 30 days of the date you were served with the _Summons_ and _Complaint_;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.

---

_RULES AND FORMS:_ You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: **William Elfving**   Department: **3**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **JUN 16 2015**   Time: **2:15pm**   in Department: **3**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____   Time: _____   in Department: _____

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

## What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

## What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

## What are the main forms of ADR offered by the Court?
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-